## NORTHERN ROCK ISLAND PLOW COMPANY v. W. O. TORGERSON AND ANOTHER.[1]

February 27, 1931.

No. 28,334.

*Earl J. Maxwell,* for appellant.
*Hammett & Morton,* for respondents.

PER CURIAM.

In a suit to recover the purchase price of a farm tractor, the defendants had a verdict. The plaintiff moved for a new trial, which was denied, and it appealed.

The plaintiff is engaged in the manufacture and sale of farm tractors of different sizes. The defendants are retailers of such machinery. The tractor in this suit is one of a size calculated to pull four plows, and at the time it was ordered by the defendants they were in doubt whether there would be any market for a tractor of that size in their neighborhood. So it was provided in the contract of sale that the tractor should be "reshipped" if it was not saleable at Hawley, the defendants' place of business.

The defendants placed the tractor upon their floor in the sales room and exhibited it for sale but found no buyer. After some months they found that they could not sell it and notified the plaintiff's blockman, through whom they had made the original contract, that the plaintiff should reship it. There is no evidence in the record that the blockman conveyed this notice to the plaintiff. Before the tractor was removed by the plaintiff

[1]Reported in 235 N. W. 378.

it was destroyed by fire. The principal question involved on this appeal is whether or not the request to reship the tractor, made to the blockman in charge of the territory who had made the original contract with the defendants, was sufficient to bind the plaintiff and to relieve the defendants of liability for the price of the tractor. It is also contended that the defendants failed to show that the tractor was unsaleable at Hawley or that they had made reasonable efforts to sell it.

We think that these questions were for the jury. The tractor was placed upon the floor of the defendants' showroom and exhibited to its customers. The jury might have found that this was a reasonable effort to sell the tractor. The agent to whom the notice to reship was given was the plaintiff's blockman in charge of the territory, the man through whom the original contract had been made, to which was attached a rider which provided that if the tractor was unsaleable at Hawley it was to be reshipped. He also had charge of settlements and appears to have been the only representative of plaintiff with whom the defendants were in contact. We think the notice was sufficient. The appellant cites no cases to the contrary.

It is asserted that the court erred in overruling the objection by the plaintiff to the question asked of the blockman: "And under that arrangement, do I understand you that there was no intention that there should be a settlement until the sale of the goods by him?" Under the circumstances and in the light of the contract made between the parties we think this was not so prejudicial as to require a new trial.

The appellant in its assignments of error makes no reference to the page or folio of the record where the alleged errors occurred. This court will not search the record to find out where alleged errors occurred unless they are so referred to. The appellant's other assignments require no comment.

The order appealed from is affirmed.